IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Earnest Vaugh, Sr.,<br><br>PLAINTIFF,<br><br>v.<br><br>Thomas Adducci, Greenwood County Public Defender's Office<br><br>DEFENDANTS. | Case No. 8:18-cv-03308-TLW<br><br><br>**Order** |
|---|---|

Plaintiff Earnest Vaughn, Sr., proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. The Plaintiff is incarcerated in the South Carolina Department of Corrections at Broad River Correctional Institution in Columbia, South Carolina. ECF No. 13 at 2. In his Amended Complaint, the Plaintiff alleges that his 6th and 14th Amendment Constitutional Rights were violated. *See* ECF No. 13. The allegations arise out of Defendant Thomas Adducci's representation of the Plaintiff during state criminal proceedings in 2015. *Id.* The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 18.

In the Report, the magistrate judge recommends that this case be dismissed. In order to bring a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). The magistrate judge found under well-established law that appointed defense counsel are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*,

454 U.S. 312, 323 n.13 (1981). Therefore, because Thomas Adducci was appointed defense counsel, he was not acting under color of state law, and there is no viable § 1983 claim and the action should be dismissed. After the magistrate judge filed the Report, Plaintiff filed objections. ECF No. 20. The Court has considered those objections. The objections provide no legal or factual basis to reject the Report. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 18, is **ACCEPTED**. Plaintiff's objections, ECF No. 20, are **OVERRULED**. Plaintiff's Amended Complaint, ECF No. 13, is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

May 18, 2020
Columbia, South Carolina